# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

No. 14-51273
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE MARQUEZ-APODACA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-512-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jorge Marquez-Apodaca appeals the 46-month within-guidelines sentence imposed in connection with his conviction for illegal reentry following deportation. Marquez-Apodaca challenges the substantive reasonableness of his sentence, arguing that his sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). In support of his argument, he challenges the application of U.S.S.G. § 2L1.2, the illegal reentry guideline,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51273

in calculating his guidelines range, asserting that the guideline double counts his prior conviction and overstates the seriousness of his offense, which he asserts is an "international trespass."  Also, Marquez-Apodaca contends that the district court failed to account for his personal circumstances and the circumstances of this offense.  Specifically, he notes that he returned to the United States to earn income for his family in Mexico.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Although Marquez-Apodaca challenges the application of the presumption of reasonableness as applied to his within-guidelines sentence under § 2L1.2, he acknowledges that the issue is foreclosed and raises it only to preserve it for possible future review.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009).  We have rejected Marquez-Apodaca's "double counting" argument.  *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  Similarly, we have rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass.  *See United States v. Juarez-Duarte,* 513 F.3d 204, 212 (5th Cir. 2008).

The district court considered Marquez-Apodaca's arguments for a sentence below the guidelines range but found that a sentence within the guidelines range was appropriate.  His contention regarding his benign motive does not rebut the presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.